| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------x<br><br>DPWN HOLDINGS (USA), INC.,<br><br>                            Plaintiff,<br><br>       - versus -<br><br>UNITED AIR LINES, INC. d/b/a UNITED<br>AIRLINES; UNITED CONTINENTAL<br>HOLDINGS, INC., f/k/a UAL CORP.,<br><br>                           Defendants.<br>----------------------------------------------------------------x | NOT FOR PUBLICATION<br><br><br><br><br>ORDER<br><br>11-CV-564 (JG) (VVP) |

JOHN GLEESON, United States District Judge:

        This is an antitrust action brought by DPWN Holdings (USA), Inc. ("DHL"). Defendants United Air Lines, Inc. and United Continental Holdings, Inc. (collectively, "United"), have moved for reconsideration of the order denying United's motion to dismiss, *see DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*, No. 11-CV-564 (JG) (VVP), 2012 WL 1821409 (E.D.N.Y. May 18, 2012), or, in the alternative, certification of that order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

        The motion is denied insofar as it seeks reconsideration.

        To certify an order for interlocutory appeal, a district court must find that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 23–25 (2d Cir. 1990).

"[T]he resolution of an issue need not necessarily terminate an action in order to be 'controlling . . . .'" *Klinghoffer*, 921 F.2d at 24. A controlling question of law may also exist if "reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action." *S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000).

A reversal on the issue of whether DHL's claim was discharged by the confirmation of United's reorganization plan would not necessarily terminate this action. However, a reversal would affect the further course of this case. It would potentially place dispositive significance on the issue of post-confirmation conduct. If the Court were to subsequently conclude that DHL had failed to sufficiently allege United's post-confirmation participation in the antitrust conspiracy, or if DHL was unable to provide sufficient evidence of post-confirmation conduct at the summary judgment stage, then this case would end.

There is also a substantial ground for difference of opinion as to the discharge issue. As the parties agree, the issue is one of first impression for the Second Circuit. Although that, "standing alone, is insufficient to demonstrate a substantial ground for difference of opinion," *Flor v. Bot Fin. Corp. (In re Flor)*, 79 F.3d 281, 284 (2d Cir. 1996), it is sufficient where, as here, "the issue is particularly difficult." *Aspen Ford, Inc. v. Ford Motor Co.*, No. 01-CV-4677 (CPS), 2008 WL 163695, at *2 (E.D.N.Y. Jan. 15, 2008) (internal quotation marks and citation omitted).

Finally, an immediate appeal would materially advance the ultimate disposition of the case. As noted above, a reversal would make United's post-confirmation participation in the conspiracy a threshold issue, the resolution of which could terminate the case at a relatively early stage.

Accordingly, the motion is granted insofar as it seeks certification of the Court's May 18, 2012 memorandum and order for interlocutory appeal pursuant to § 1292(b).[1]

So ordered.

John Gleeson, U.S.D.J.

Dated: July 31, 2012
     Brooklyn, New York

---

[1] DHL argues that the § 1292(b) certification should not prevent discovery from proceeding. The determination as to whether discovery should be stayed should be made, in the first instance, by the magistrate judge supervising discovery.

3