UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

---

DPWN HOLDINGS (USA), INC.,

                                  Plaintiff,

- versus -

UNITED AIR LINES, INC. d/b/a UNITED
AIRLINES; UNITED CONTINENTAL
HOLDINGS, INC., f/k/a UAL CORP.,

                                  Defendants.

ORDER

11-CV-564 (JG)

---

JOHN GLEESON, United States District Judge:

        I denied a motion to dismiss in this case in 2012.  *See DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*, 871 F. Supp. 2d 143 (E.D.N.Y. 2012) ("*DWPN I*").  I granted defendants permission to take an interlocutory appeal from that denial under 28 U.S.C. § 1292(b), *see* DE 41 (July 31, 2012), and the Second Circuit remanded the matter for additional proceedings, *see DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*, 747 F.3d 145 (2d Cir. 2014) ("*DPWN II*").  The defendants have now renewed their motion to dismiss.  *See* DE 58 (June 6, 2014).  I heard argument on the motion on July 25, 2014.

        The Second Circuit's remand order concluded as follows:

> We are skeptical of DHL's contention that it was not aware of, or with reasonable diligence could not have become aware of, its antitrust claim in time to assert it in the bankruptcy proceeding. But whether that contention is supportable and the related issue of whether due process required United to give DHL explicit notice of an antitrust claim should not be decided at the appellate level before the District Court has considered these matters under proper standards. Because the District Court erred in accepting as true DHL's allegation of lack of sufficient knowledge to file an antitrust claim in bankruptcy, the matter must be remanded for reconsideration.

> On such reconsideration the District Court must determine what aspects of United's alleged price-fixing conduct were known by DHL, or reasonably ascertainable, prior to plan confirmation, whether the allegations of the class action complaint were sufficient to alert DHL to its antitrust claim, and whether a post-confirmation claim would have been entertained. If DHL lacked such knowledge, the inquiry will then shift to whether United knew or should have known of its potential antitrust liability such that due process required it to notify DHL of the potential claim. At least these matters must be considered before a determination can be made whether DHL would be denied due process if its potential antitrust claim was discharged.
>
> Accordingly, we remand for further consideration, either on the face of the pleadings, or after discovery, of United's contention that DHL's antitrust claim was discharged.

*DPWN II*, 747 F.3d at 152-53. At argument, the parties (understandably) disagreed about the meaning of this order. Their briefing also focused on different aspects of the Second Circuit's opinion.

At this juncture, I would benefit from additional briefing on a question to which neither party devoted special attention on remand: "whether a post-confirmation claim would have been entertained."

United presents a strong argument that DHL was on inquiry notice of its potential antitrust claim at least from the time of the February 14, 2006 global raids – a conclusion suggested both by the facts alleged in the Second Amended Complaint and by my original holding that the statute of limitations on DHL's claims began to run on that date. *See DWPN I*, 871 F. Supp. 2d at 149 ("The parties agree that the limitations period should be measured from February 14, 2006, the date of the dawn raids."). Assuming that view is correct, the next question is whether DHL could or should have sought to reopen United's bankruptcy proceeding shortly after it was put on notice, rather than pursue this action many years later.

The parties' additional briefing might address the following:

- any time restrictions on reopening United's bankruptcy proceeding;

- what DHL knew or should reasonably have known at the latest moment that it could have, under bankruptcy law and as a practical matter, sought to reopen;

- the standard for bringing an antitrust claim in bankruptcy[1];

- whether the claim would have been contested, and if so, how that might have changed DHL's prospects;

- and finally, whether even if DHL could not at the relevant time plead an antitrust claim that would survive the relevant level of scrutiny in the bankruptcy court, nonetheless the chance to bring such a claim satisfies due process.

The parties may also address additional relevant issues as they see fit. Each side shall file briefs (not to exceed twenty pages) on these questions by Friday, August 22, 2014. Unless I order otherwise, I will not hold additional argument on the pending motion to dismiss.

So ordered.

John Gleeson, U.S.D.J.

Dated: July 30, 2014
      Brooklyn, New York

---

[1] I note parenthetically that *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) was not decided until May of 2007, and that as of 2006, the Second Circuit had expressly rejected then-District Judge Lynch's (subsequently-confirmed) view that antitrust "plus factors," evidence of which is required to survive summary judgment, must also be alleged in a complaint to survive a motion to dismiss. I express no view at this time on whether this history is relevant to the matter before me now.