UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                                       :

DPWN HOLDINGS (USA), INC.                           :
                        Plaintiff,                           :

               v.                        :        11-CV-00564 (JG) (VVP)

UNITED AIR LINES, INC. d/b/a UNITED AIRLINES;  :
UNITED CONTINENTAL HOLDINGS, INC., f/k/a     :
UAL CORP.                                                            :

                     Defendants.               :
------------------------------------------------------------------------x

## JOINT CASE MANAGEMENT PLAN PURSUANT TO FED. R. CIV. 26(f)

      Pursuant to Fed. R. Civ. P. 26(f) and the Court's June 3, 2015 Order, Plaintiff DPWN Holdings (USA), Inc. ("DHL") and Defendants United Air Lines, Inc. and United Continental Holdings, Inc. ("United")  jointly submit the following case management plan:

      1.      The parties have met and conferred regarding case management on multiple occasions, including a formal meet and confer session on November 9, 2015.

      2.      In lieu of initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), the parties have exchanged materials each produced to the U.S. Department of Justice in relevant investigations.  For United, this consisted of the production to the Grand Jury of documents related to the investigation of surcharges for cargo charged by air carriers, which is referenced in the Complaint.  For DHL, this consisted of documents provided to the Department of Justice in its investigation of a freight forwarding cartel and by plaintiffs pursuant to its obligations under the Antitrust Criminal Penalty Enhancement and Reform Act (ACEPERA) in *Associates, Inc. v. Panalpina World Transport*, No. 08-cv-00042 (E.D.N.Y.) (JG) (VVP).

      3.      Any motion to amend or to join additional parties must be filed by March 1, 2016.

4. Discovery shall be bifurcated into two phases. The first phase of discovery shall be limited to the particular issues of whether United's 2006 discharge from bankruptcy Chapter 11 of the Bankruptcy Code applied to DHL's claims, and specifically whether DHL "was not aware of, or with reasonable diligence could not have become aware of, its antitrust claim in time to assert it in the bankruptcy proceeding . . . [and] whether due process required United to give DHL explicit notice of an antitrust claim." *DPWN Holdings (USA), Inc. v. United Air Lines, Inc*., 747 F.3d 145, 152-53 (2d Cir. 2014). As the Second Circuit stated in this case, the issues relevant to this dispositive issue include:

> (1) "what aspects of United's alleged price-fixing conduct were known by DHL, or reasonably ascertainable, prior to plan confirmation;"
>
> (2) "whether the allegations of the class action complaint were sufficient to alert DHL to its antitrust claim;"
>
> (3) "whether a post-confirmation claim would have been entertained;" and
>
> (4) "whether United knew or should have known of its potential antitrust liability such that due process required it to notify DHL of the potential claim."

*Id.* at 152-53.

5. The second phase of discovery shall focus on all remaining merits issues, including the merits of Plaintiff's claim under Section 1 of the Sherman Act, 15 U.S.C. § 1.

6. The parties propose the following limitations in respect of the first phase of discovery:

   a. Initial requests for production of documents, if any, must be served by February 12, 2016. Further document requests may be served as required, but no document request may be served later than 30 days prior to the date of the close of discovery as set forth in Item 6(e) below.

   b. Interrogatories must be served by April 29, 2016. Each party may serve no more than 15 interrogatories in this phase.

   c. All depositions must be completed by September 30, 2016. Each party may take no more than one deposition pursuant to Fed. R. Civ. P. 30(b)(6) and two depositions pursuant to Fed. R. Civ. P. 30(b)(1) without leave of the Court. The parties shall arrange for depositions to occur in the United States, in cities mutually convenient for the parties.

   d. Requests for admissions, if any, must be served by August 31, 2016.

2

e. Except as provided in paragraph 7, the first phase of discovery must be completed by October 31, 2016.  Any of the interim deadlines in paragraphs 6(a) through 6(d) may be extended by the written consent of the parties without application to the Court, provided that the first phase of discovery is completed by the date set forth in this paragraph.

7. Discovery for the limited purpose of establishing the authenticity and admissibility of documents and statements contained in documents that relate to first-phase issues shall not be subject to the limitations of paragraph 6, but such discovery must be completed by December 8, 2016.

8. Any post-discovery motion for summary judgment, including all papers submitted in support of such a motion, must be filed and served by December 15, 2016; all opposition papers to such a motion must be filed and served by January 31, 2017; and replies, if any, must be filed and served by February 28, 2017.

9. Following the Court's decision on summary judgment and any Second Circuit decision on any appeal permitted at that stage of the proceeding, the parties shall jointly submit an amended case management plan which sets forth the limitations in respect of the second phase of discovery.

Dated: January 14, 2016

 /s/ Garret G. Rasmussen                            /s/ John Roberti

Garret G. Rasmussen
*Counsel for Plaintiff*
Orrick, Herrington & Sutcliffe LLP
1152 15th Street, NW
Washington, DC 20005
202-339-8400
Fax: 202-339-8500
Email: grasmussen@orrick.com

John Roberti
*Counsel for Defendants*
Allen & Overy LLP
1101 New York Ave, NW
Washington, DC 20005
202-683-3800
Fax: 202-683-3999
Email: john.roberti@allenovery.com