

October 23, 2018

*Via ECF*

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 10013

**Orrick, Herrington & Sutcliffe LLP**
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005-1706

+1 202 339 8400
**orrick.com**

**Garret G. Rasmussen**

E  grasmussen@orrick.com
D  +1 202 339 8481
F  +1 202 339 8500

Re:  *DPWN Holdings (USA), Inc. v. United Airlines, Inc.*, Civ. No. 11-564 (BMC) (PK)

Dear Judge Cogan:

On behalf of Plaintiff DPWN Holdings (USA), Inc. ("DHL"), I am writing in response to two unauthorized filings that Defendant United Airlines submitted on October 15, 2018. United filed both a Reply Statement in Response to DHL's Rule 56.1 Counterstatement (ECF No. 195-1) and a Response to DHL's Rule 56.1 Statement of Additional Material Facts (ECF No. 195-2). Neither filing is permitted under this Court's rules, Your Honor's individual practices, or this case's briefing schedule. The Rules contemplate only a movant's statement of material facts and a nonmovant's response and separate statement of additional facts—nothing more. As this Court has recognized, unauthorized filings like these must be stricken. *See Brown v. City of New York*, No. 1:14-cv-02700, ¶ 10 (E.D.N.Y. Dec. 31, 2014), ECF No. 93 (Cogan, J.) (granting plaintiffs' motion to strike defendants' reply counterstatement of facts).

These filings also flout Your Honor's Individual Practices about the appropriate content of Rule 56.1 Statements. Your Honor admonishes parties to limit themselves to only "assertion[s] of a material undisputed fact" and to avoid "defense[s]" or other material that does not "tell the story of the events giving rise to the case through the undisputed facts." Individual Practices of Judge Brian M. Cogan at 6. United nonetheless begins its Response filing (ECF No. 195-2) with *seven-and-a-half pages* of argument, citations to 13 cases, and generalized objections to nearly every aspect of DHL's Statement of Additional Facts. United likewise begins its Reply Statement (ECF No. 195-1) with four pages argument and citations to 7 cases.[1] This too is reason to disregard or strike the filings. *Amalgamated Lithographers of Am. v. Unz & Co.*, 670 F. Supp. 2d 214, 217 (S.D.N.Y. 2009) (striking Rule 56.1 response statement that was mostly argument).

United also disregards this Court's specific admonitions that Rule 56.1 statements must "quote verbatim" the opposing party's statements, must "contain an assertion of a material undisputed fact, not a description of evidence," and must not "point out the absence of evidence."

---

[1] United already used all 33 pages this Court allotted for its summary judgment reply brief.



The Honorable Brian M. Cogan
October 23, 2018
Page 2

Individual Practices at 6. Yet United's Reply Statement devotes a column running more than 50 pages to "DHL's Counterstatement," which—in direct contravention of this Court's instructions—does not once quote DHL's statements in setting forth United's disputes. United then includes its own separate column, again spanning more than 50 pages, in which it offers legal arguments and frequently claims (wrongly) an absence of supportive evidence—again in open defiance of this Court's rules.[2] For this reason too, the Court should strike or disregard these extraneous filings.

Finally, United uses its unauthorized filings (and summary judgement reply brief) to raise, for the first time, vague evidentiary objections.[3] Because these arguments first arose at the reply stage, DHL has no opportunity to respond. Even more problematic, however, is that United has worded its objections so vaguely—identifying no applicable evidentiary rules and offering no explanation *why* it believes certain evidence is inadmissible—that even if DHL had the opportunity to respond, it is not clear how it could do so. United's filing is littered with unsupported boilerplate complaints that DHL has not offered "admissible" evidence or has "misquoted" or "mischaracterized" other evidence. That is as deep as the objections go. Absent some explanation of how United believes DHL has violated any rule of evidence, there is simply no way for DHL to meaningfully respond to—or for this Court to evaluate—United's objections.

At the very least, if this Court is inclined to consider United's objections, DHL respectfully requests the opportunity to file a surreply to address any evidentiary concerns. Although DHL believes this step is unnecessary given the form of United's objections, DHL stands ready to prepare any filing as expeditiously and briefly as the Court requires.

Sincerely,

*/s/ Garret G. Rasmussen*
Garret G. Rasmussen


cc: John Roberti, Counsel for United Airlines, Inc.

---

[2] *See, e.g.*, ECF No. 195-1 at 9-13 (offering multiparagraph responses, with citations to the record and briefs, asserting United's own interpretation of evidence and (wrongly) claiming that DHL "offers no admissible evidence" for support).

[3] *See, e.g.*, ECF No. 19-2 at 2-3 (arguing that the Court should "disregard one hundred seventeen (117) paragraphs and one hundred seven (107) sub-parts [of DHL's Statement of Additional Material Facts] because DHL either mischaracterizes or misquotes the record, omits dispositive facts, or uses specific facts to assert broad generalizations, or takes them out of their proper context to arrive at its conclusions").