# ALLEN & OVERY

**VIA ECF**

Honorable Judge Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Allen & Overy LLP**
1101 New York Avenue, NW
Washington, DC 20005

Tel        +1 202 683 3800
Fax       +1 202 683 3999
Direct   +1 202 683 3862
john.roberti@allenovery.com

October 29, 2018

**Re: *DPWN Holdings (USA), Inc. v. United Airlines, Inc.*, Civ. No. 11-564 (BMC)**

Dear Judge Cogan:

Defendants United Air Lines, Inc. and United Continental Holdings, Inc. ("United") respectfully submit this letter in response to the letter submitted by DPWN Holdings (USA), Inc. ("DHL") on October 23, 2018 ("Letter").[1]  For the reasons set forth below, this Court should decline to grant DHL's request, which could further delay consideration of United's Motion for Summary Judgment.

On July 6, 2018, United filed a Statement of Undisputed Facts in Support of its Motion for Summary Judgment ("United 56.1 Statement") that was 40 pages and included 190 paragraphs containing factual statements, usually involving a single declarative sentence.  ECF No. 171-2.  United filed 121 exhibits in support of this motion.  ECF Nos. 171-5–125.  On August 31, 2018, DHL filed a Response to the United 56.1 Statement ("Counterstatement") that was 138 pages long.  ECF No. 189-1.  In many cases, DHL's responses to United's short declarations spanned several pages.  *See, e.g.*, Counterstatement ¶¶ 14, 26, 36, 85.  Often the same responses were repeated verbatim in response to different factual assertions.  *See, e.g.*, Counterstatement ¶¶ 16, 17, 26, 28, 29.  That same day, DHL also filed a Rule 56.1 Statement of Additional Material Facts ("Additional Statement") that was 113 pages and included an additional 288 factual statements.  ECF No. 189-2.  There was substantial overlap between the two documents DHL submitted, and a number of responses were repeated in both documents verbatim.  *Compare*

---

[1] Although DHL's Letter does not explicitly state the mechanism by which it will seek relief, we assume that DHL's Letter is intended as a letter requesting pre-motion conference for permission to file a motion to strike United's Reply Statement in Response to DHL's Rule 56.1 Counterstatement, ECF No. 195-1 ("Reply") and United's Response to DHL's Rule 56.1 Statement of Additional Material Facts, ECF No.195-2 ("Response"), or in the alternative to file a sur-reply.

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763. It is authorized and regulated by the Solicitors Regulation Authority of England and Wales. The term partner is used to refer to a member of Allen & Overy LLP or an employee or consultant with equivalent standing and qualifications. A list of the members of Allen & Overy LLP and of the non-members who are designated as partners is open to inspection at its registered office, One Bishops Square, London E1 6AD.

Allen & Overy LLP or an affiliated undertaking has an office in each of: Abu Dhabi, Amsterdam, Antwerp, Bangkok, Barcelona, Beijing, Belfast, Bratislava, Brussels, Bucharest (associated office), Budapest, Casablanca, Doha, Dubai, Düsseldorf, Frankfurt, Hamburg, Hanoi, Ho Chi Minh City, Hong Kong, Istanbul, Jakarta (associated office), Johannesburg, London, Luxembourg, Madrid, Milan, Moscow, Munich, New York, Paris, Perth, Prague, Riyadh (cooperation office), Rome, São Paulo, Seoul, Shanghai, Singapore, Sydney, Tokyo, Warsaw, Washington, D.C. and Yangon.

Additional Statement ¶¶ 84, 85 *with* Counterstatement ¶ 118; *compare* Additional Statement ¶¶ 185 *with* Counterstatement ¶¶ 85, 130, 164.  In several instances, the same statements were repeated across multiple parts of the Additional Statement.  *See, e.g.*, Additional Statement ¶¶ 52, 94, 233. In addition to the Counterstatement and Additional Statement, DHL also filed 409 exhibits, spanning 3,575 pages.  ECF Nos. 185-1–9.

As it had done with no objection in Phase 1 of this case, United filed a reply to DHL's Counterstatement ("Reply") and a response to DHL's Additional Statement ("Response").  ECF Nos. 194-1, 194-2.  In order to focus on the true disputes between the parties, United's Reply noted with respect to each assertion whether the issue was undisputed or disputed, and then identified in a few sentences whether any dispute was material.  United's Response provided general objections and a one-sentence response to each of the statements in the Additional Statement, but because United contends that DHL's additional facts were not material, United did not provide any different or additional facts.  The form of Reply and Response that United used was taken from other cases.  *See, e.g.*, Defendants' Reply Statement Pursuant to Local Civil Rule 56.1, *Gibbs v. N.Y.S. Dep't of Taxation*, No. 04-CV-905 (FB)(LB) (E.D.N.Y. May 29, 2008), ECF No. 63; Defendants' Response to Plaintiff's Additional Facts Pursuant to Rule 56.1(b), *Soliman v. City of New York*, No. 15 CV 5310 (PKC) (RER) (E.D.N.Y. May 3, 2016), ECF No. 24.

***Motion to Strike.***  DHL apparently moves to strike United's Reply and Response.  Federal Rule of Civil Procedure 12(f) states that a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Motions to strike require a showing of prejudice and are rarely granted within the Second Circuit.  *Lynch v. Southampton Animal Shelter Found. Inc.*, 278 F.R.D. 55, 63 (E.D.N.Y. 2011) ("[m]otions to strike are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation.") (internal citations omitted).  DHL cannot meet the high burden required to prevail on a motion to strike.

*First*, DHL moves to strike because it claims that United's Reply and Response are not allowed by the Local Rules.  However, as a general matter, it is standard practice in this Court for moving parties to submit replies to statements of facts and responses to statements of additional facts. *Skoczylas v. United States*, 906 F. Supp. 2d 161, 166, n.3 (E.D.N.Y. 2012) ("[a]lthough Local Civil Rule 56.1 does not require a reply statement of facts by the movant, it also does not forbid it.  Therefore, the Court will consider reply statements of facts.").  This Court has in fact already permitted parties to make such submissions in this MDL, both in phase 1 of this litigation and in the class case.  *See* ECF No. 125; *In re Air Cargo Shipping Serv. Antitrust Lit.*, No. 1:06-md-01775 BMC (E.D.N.Y. Aug. 18, 2015), ECF No. 2332.

*Second*, DHL claims that United makes legal arguments in its Reply and Response.  However, United never made any legal arguments about the conclusions that should be drawn from the facts of this case.  United cited cases only to support the basis of its objections.  For example, it cited cases striking responses which, like DHL's, were not short and concise and/or were repetitive.  Indeed, the cases DHL cites in its Letter support this section of United's Reply and Response.  *See Amalgamated Lithographers of Am. Litho. Indus. Pension Plan v. UNZ & Co.*, 670 F. Supp. 2d 214, 217 (S.D.N.Y. 2009) (striking defendant's additional statement because it was argumentative and repetitive to plaintiff's 56.1 statement).

*Third*, DHL moves to strike because United did not quote verbatim the statements in the Counterstatement and Additional Statement. This requirement in Your Honor's Individual Rules applies only to oppositions to 56.1 statements. *See* Section III.B.6.(a). United did not quote verbatim the statements in DHL's Counterstatement and Additional Statement because DHL's 138-page Counterstatement (with significant repetition) and 113-page Additional Statement would have made the Reply and Response difficult to read. However, to ensure there is no prejudice to DHL, United would be willing to submit amended versions of its Reply and Response which quote in verbatim DHL's Counterstatement and Additional Statement.

*Fourth*, DHL claims that it is prejudiced because United raised certain evidentiary objections. United's objections are limited to pre-discharge evidence for which no discovery was taken. Thus, if the Court accepts United's position that the case involves only post-discharge conduct, then the Court need not rule on these objections. As United has repeated through multiple examples, DHL is seeking to bring a pre-discharge claim based on hundreds of documents that were never the subject of witness inquiry, lack context and, in many cases, lack a sufficient indication of reliability to meet the standards required by the Federal Rules of Evidence. The potential for abuse under these circumstances is clear. For example, as discussed in United's *Daubert* motion, DHL will cite to an agenda for a meeting with no evidence that the meeting took place, and then simply state that it did and that in fact United attended. ECF No. 177-1 at 47-49. While DHL claims these objections are being raised "for the first time," United has repeatedly raised and discussed these evidentiary issues with DHL's counsel during multiple meet and confer sessions and then again in its summary judgment and *Daubert* briefing. ECF Nos. 167, 171-1, 177-1. Cognizant of these objections, DHL submitted declarations supporting certain documents as authentic and others purportedly as business records. *See, e.g.*, FSE 263; FSE 389.

*Finally*, there is no need for DHL to file a sur-reply to United's Reply and Response. DHL has already filed 251 pages of factual statements and 409 exhibits as part of its summary judgment papers—this fact alone is reason enough to deny DHL's request. *See Sheppard v. Beerman*, No. 91-CV-1349 ILG, 2000 WL 33200253, at *1 (E.D.N.Y. Dec. 8, 2000) (denying plaintiff's request to submit summary judgment sur-reply, noting that "a sur-reply would invite a sur-sur-reply and the paper [including plaintiff's 116-page 56.1 statement] already generated by this action is voluminous."). Regardless, by DHL's own words, any response would not be helpful: DHL claims that United's evidentiary objections are too vague for response. As a resolution, during the parties' October 23, 2018 meet and confer session, United offered to go through each document with DHL and then file a joint submission that would narrow any evidentiary issues. DHL, however, refused this approach unless United first withdrew its Reply and Response.

For the reasons stated above, United respectfully requests that DHL's request to file a motion to strike and sur-reply be denied.

Respectfully,

/s/ John Roberti
**John Roberti**
Partner
